```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/16/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHRISTOPHER EARL,                              :
                                               :
                Petitioner,           :     17-cv-8814 (NSR) (JCM)
                                               :
   -against-                                   :     ORDER ADOPTING REPORT
                                               :     AND RECOMMENDATION
HAROLD GRAHAM,                                 :
                                               :
                Respondent.           :
----------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

      Petitioner Christopher Earl ("Petitioner"), proceeding *pro se*, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2013 judgment of conviction for, inter alia, rape in the first degree and predatory sexual assault on the basis that his convictions were unconstitutionally obtained. (ECF No. 1.) Respondent opposed the petition. (ECF No. 11 & 12.) Now pending before the Court is a Report and Recommendation ("R & R") issued by Magistrate Judge Judith C. McCarthy ("MJ McCarthy"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that the petition be denied. (ECF No. 18.) For the following reasons, the Court adopts the R & R, and the petition is DENIED without opposition.

## BACKGROUND

      The Court presumes familiarity with the factual and procedural background of this case, including the underlying criminal proceedings and Petitioner's appellate challenges to his conviction. Further details can be found in the R & R, which this Court adopts.

      In March 2012, Petitioner was charged in an indictment filed in New York State Supreme Court, Westchester County, with predatory sexual assault, rape in the first degree, sexual abuse in the first degree, robbery in the first degree, criminal possession of a weapon in the third degree and endangering the welfare of a minor. On May 7, 2013, following a jury trial, Petitioner was found

guilty of predatory sexual assault, rape in the first degree (one count), sexual abuse in the first degree (three counts) and robbery in the first degree (one count). Petitioner was acquitted on one count of robbery and sexual abuse. Upon a finding by the court that Petitioner was a predicate violent felon, he was sentence to an aggregate indeterminate sentence of twenty-five (25) years to life.

Petitioner appealed his conviction to the state's intermediate appellate court. By opinion dated November 30, 2015, the appellate court vacated Petitioner's conviction and sentence for rape in the first degree on the basis that it was a lesser included offense of the predatory sexual assault. *People v. Earl*, 133 A.D.3d 875 (2d Dept. 2015). Of significance, the appellate court deemed Petitioner's ineffective assistance of counsel claim to lack merit. *Id.* at 876. Petitioner sought leave to appeal to the state's highest court, the New York State Court of Appeals. Petitioner's application, however, was denied. *People v. Earl*, 26 N.Y.3d 1144 (2016).

In May 2016, Petitioner moved, pursuant to N.Y. Crim.Pro.L. § 440.10, in New York State Supreme Court, to vacate his conviction on various grounds sounding of ineffective assistance of counsel. By opinion dated September 2, 2016, the state court denied Petitioner's motion. Petitioner sought leave to appeal the denial of his N.Y. Crim.Pro.L. § 440.10 motion but was denied. *People v. Earl*, 2017 WL 1746748 (N.Y.A.D. 2d Dept.). Petitioner, thereafter, filed the instant petition on October 2, 2017.

## STANDARDS OF REVIEW

### I. Habeas Petition Reviewing a State Court Decision

"Habeas review is an extraordinary remedy." *Bousley v. United States*, 523 U.S. 614, 621 (1998). To grant a writ, a district court must ensure that a petitioner has complied with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 USC § 2254. Provided a petition meets the procedural requirements of the AEDPA, the Court may consider

the merits of the petitioner's state court conviction. The AEDPA imposes a one year limitation period for filing a petition. 28 U.S.C. § 2244(d)(1).   When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d)(1), (d)(2); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). A state court's findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

## II. Magistrate Judge's Report and Recommendation

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact."   Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "'[t]o accept the report and recommendation of a magistrate, to which *no timely objection* has been made, a district court need only satisfy itself that there is *no clear error* on the face of the record.'"   *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (emphasis added) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Feehan v. Feehan*, No. 09 Civ. 7016 (DAB),

2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Here, the R & R was issued on April 22, 2020, and to date no objection has been filed. Since Petitioner failed to file any objection, the Court has reviewed MJ McCarthy's R & R for clear error and found none. As more fully discussed in the R & R, MJ McCarthy determined that Petitioner's multiple claims of ineffective assistance of counsel, including the existence of a conflict of interest, lacked merit.[1] Similarly, Petitioner's claim of alleged prosecutorial misconduct, which was un-preserved for appellate review and therefore procedurally barred from seeking federal review, was deemed meritless.

## CONCLUSION

For the reasons given, the Court adopts MJ McCarthy's R & R in its entirety. The petition for a writ of habeas corpus is therefore DENIED. The Clerk of Court is directed to enter judgment accordingly, terminate the case, and send a copy of this Order to Petitioner at his last known address.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 225, 259–60 (2d Cir. 1997). The Court certifies pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith,

---

[1] The Court notes that Petitioner raised similar ineffective assistance of counsel claims in state court which were rejected.

4

and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: March 16, 2021
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge